IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EK DANTAYA, LLC, etc., | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL ACTION NUMBER |
| CIRCLE K STORES, INC., et al. | * | CV-16-50 |
| Defendants. | * | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Circle K. Stores, Inc. ("Circle K"), and gives notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As detailed below, the Defendant is not a citizen of Alabama which creates complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. As and for its Notice of Removal, Circle K shows unto the Court as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See* 28 U.S.C. §§ 1441(b), 1446(b). This action involves allegations of breach of contract, negligence, wantonness and intentional misconduct growing out of the Defendant entering into an "Assignment and Assumption of Lease Agreement" with Plaintiff.

2. On or about December 30, 2015, Plaintiff, EK Dantaya, LLC ("EK Dantaya"), commenced this action against Circle K and fictitious defendants identified as "A, B, C, and D"

by filing a Complaint in the Circuit Court of Mobile County, Alabama, bearing Civil Action No. 02-CV-2015-903056 (the "Complaint"). (Attached as Exhibit "A").

3. Circle K was served with the Summons and Complaint on January 4, 2016.

4. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and Circle K has satisfied the procedural requirements for removal.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.   Complete diversity of citizenship exists between the Plaintiff and the Defendant.**

6. The Plaintiff, EK Dantaya, is "an Alabama limited liability company with its principal place of business in Mobile County, Alabama." (Exhibit "A" at ¶1). "[T]he citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens, MHP,L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021 (11th Cir. 2004). This includes limited liability companies. *Id*. at 1022.

7. Attached is a certified copy of the Articles of Organization of EK Dantaya listing Rajendra G. Patel as the "Organizer" and sole member of this "Alabama Limited Liability Company." (Exhibit "B"). The Alabama Secretary of State's website confirms that Rajendra G. Patel is the sole member as well as the "Registered Agent" of EK Dantaya with 928 Telegraph Road, Prichard, Alabama 36610 designated as the address of the Registered Office. (Exhibit "C"). A search of a website entitlted "Alabama Corporates" at www.alabamacorporates.com shows Rajendra G. Patel in the capacity of an "Agent" of EK Dantaya first listing the same Telegraph Road address and then reciting "OPERATE/MANAGE

CONVE 9533 Bridgeton Court, Mobile, Alabama 36695-7517." (Exhibit "D"). The Mobile County Revenue Commissioner's "Assessement Record – 2015" shows Rajendra and Sharmila Patel as the owners of property located at 9533 Bridgeton Court, Mobile County, Alabama 36695 and indicates that these individuals have paid taxes on this property since 2007. (Exhibit "E").

8.  Rajendra G. Patel is and was at all relevant times, a citizen of the State of Alabama. For purposes of diversity jurisdiction, a person is a citizen of the state in which he is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."). A person's "domicile" is, in turn, "'the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Slate v. Shell Oil Co.*, 444 F.Supp.2d 1210, 1215 (S.D. Ala. 2006) (quoting *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005)) (internal quotation marks omitted).

9.  "In determining domicile, a court should consider both positive evidence and presumptions." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F.Supp.2d 1279, 1281 (M.D. Ala. 1998) (citing *Mitchell v. United States*, 88 U.S. 350, 352 (1874)). First among the presumptions regarding a person's domicile is "'that the state in which a person resides at any given time is also that person's domicile.'" *Audi Performance & Racing, LLC v. Kaseberger*, 273 F.Supp.2d 1220, 1226 (M.D. Ala. 2003) (quoting *McDonald*, 13 F.Supp.2d at 1281).

10. Defendant, Circle K, is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Tempe, Arizona.

11.     The Complaint also purports to state claims against unnamed, fictitious defendants identified as "A, B, C, and D." For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

## II.     The amount-in-controversy requirement is satisfied.

12.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

13.     In determining whether the claims in a complaint meet the jurisdictional amount, the district court may "**make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings** to determine whether it is facially apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 770 (11th Cir. 2010)). (Emphasis added). Moreover, "the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.* at 1061 (citation omitted).[1] Indeed, "preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Id.* at 1064.

14.     In *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547 (2014), the Supreme Court noted that "[w]hen a plaintiff invokes federal-court jurisdiction, the plaintiff's

---

[1] Defendant notes that it is not required to concede that the Plaintiff is, in fact, entitled to recover more than $75,000. *See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far"). To the contrary, Defendant denies that Plaintiff is entitled to recover damages.

4

amount-in-controversy allegation is accepted if made in good faith. (Citations omitted). . . . Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.  The court concluded:

> In sum, as specified in § 1446(a), **a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold**.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. (Emphasis added).

*Id.* at 554.

15. Here, satisfaction of the amount in controversy is facially apparent from the allegations in Plaintiff's Complaint. The Plaintiff alleges, in summary, that the Defendant entered into a lease agreement with multiple renewal options of five years each for property on which a gas station, convenience store and food mart were being operated. (Complaint at ¶¶ 5 and 6). After that lease was amended, the Defendant entered into an "Assignment and Assumption of Lease Agreement" whereby, the Plaintiff alleges, the Defendant "assigned to Plaintiff its rights, title and interest in and to the Amended Lease and the subject real property and improvements which included the underground storage tanks, pumps and related equipment (herein "UST's") used in the sale of petroleum products and options to extend and renew the Amended Lease through April 2, 2024." (Complaint at ¶ 10).

16. Though these allegations are strongly disputed by Defendant, Plaintiff contends that as a result of the Defendant's breach of its contract with the Plaintiff as well as Defendant's "negligent, intentional and wanton misconduct:" (1) the options to extend the terms were lost and Plaintiff was caused to have to negotiate a lease directly with the Lessor on less favorable terms (Complaint at ¶¶ 24-25); (2) the Plaintiff has lost the right to the full use of the property

and the right "to renew the Lease Assignment" (Complaint at ¶ 23); (3) the Lessor has required the Defendant to "remove all UST's and all equipment related to the fuel/gas dispensing system from the premises;" (Complaint at ¶ 21); and (4) the Plaintiff has lost revenues and profits. (Complaint at ¶ 25).

17. In addition to Plaintiff's claims for compensatory damages, Plaintiff seeks punitive damages against the Defendant. *Id.* (see unnumbered "Wherefore" ¶ after ¶ 34). While Plaintiff's claims for compensatory damages themselves show that the jurisdictional amount is facially apparent, it is well settled that the prospective punitive damages sought by Plaintiff must be considered in any calculation of the amount in controversy. *See, e.g.*, *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered."); *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 1289, 1290 (N.D. Ala. 2009). Defendant denies that it has acted recklessly, willfully, or wantonly or that Plaintiff is entitled to an award of punitive damages or compensatory damages. Nevertheless, the Court may "reasonably infer" from Plaintiff's request for punitive damages that Plaintiff is "seeking greater recovery than if [they] were merely seeking compensation for [their] injuries." *Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013) (citing *Overton v. Wyeth, Inc.*, 2010 WL 4717048, at * 4 (S.D. Ala. Oct. 29, 2010). In any event, the allegations of the Complaint make clear that Plaintiff's claim for punitive damages, together with its claims for compensatory damages discussed above, pits an amount in excess of $75,000 in controversy.

18. Even if this Court determines that the "jurisdictional amount is not facially apparent from the Complaint, the Court should look to the Notice of Removal and may require

6

evidence relevant to the amount in controversy at the time the case was removed." *Id.; see also, e.g.*, 16 *James Wm. Moore, et al., Moore's Federal Practice*, § 107.14(2)(g), at 107-86.4 to 107.86.5 (3rd Ed. 2010). Yet, "[t]o assert the amount in controversy adequately in the removal notice" the Defendants' Notice of Removal need only contain "a statement 'short and plain'" and the Notice of Removal "need not contain evidentiary submissions". *Dart Cherokee Basin Operating Co., LLC v. Owens*, *supra,* at 551.

19. The right of an out-of-state defendant to a federal forum in actions involving substantial amounts in controversy is an important right created by Congress, "the need for which may well be greatest when the plaintiff tries hardest to defeat it." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (quotation marks and citation omitted). To permit Plaintiffs to avoid federal jurisdiction would be contrary to Congress's intent to provide out-of-state defendants with a neutral federal forum. *Dugas v. Jefferson Cnty.*, 911 F. Supp. 251, 253 n.1 (E.D. Tex. 1995) ("The underlying public policy behind the removal statute is to prevent defendants from being subject to any prejudice that exists in local courts."); *accord* 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3721 (4th ed. 2009 & Supp. 2010). "As the Supreme Court long ago admonished, 'the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.'" *Pretka*, 608 F.3d at 766 (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

20. Accordingly, the record and case law establish, either on the face of the complaint or by a preponderance of the evidence, that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**III.     The other prerequisites for removal have been satisfied.**

21.     This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of January 4, 2016, the date of service on Circle K.

22.     The United States District Court for the Southern District of Alabama, Southern Division embraces the county in which the state court action was filed. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81(c)(1) and 1441(a).

23.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Circle K, which papers include the Summons and Complaint (already attached as Exhibit "A"), General Pre-Trial Order signed by Judge Charles Graddick, and Pretrial Order: Jury and Non-Jury Cases in the Circuit Court of Mobile County Before Judge Sarah H. Stewart are attached as Exhibit "F." Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for Plaintiff, and a notice of the filing of this removal is being filed with the Clerk in which the action was filed.

24.     If any question arises as to the propriety of the removal of this action, Circle K respectfully requests the opportunity to present a brief, evidentiary materials and oral argument in support of its position that this cause is removable. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, Defendant, Circle K, respectfully removes this action from the Circuit Court of Mobile County, Alabama, bearing Civil Action No 02-CV-2015-0-3056, to this Court, pursuant to 28 U.S.C. § 1441.

                Respectfully submitted,

                /s/Edward B. McDonough, Jr. (MCDOE0149)
                Attorney for Defendant,
                Circle K Stores, Inc.

OF COUNSEL:

EDWARD B. McDONOUGH, JR., P.C.
P.O. Box 1943
Mobile, AL 36633
Telephone:  251-432-3296
Facsimile:  251-432-3300
Email: ebm@emcdonoughlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 2nd of February, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System and that a copy of the foregoing was served upon the following by U. S. First Class Mail, postage prepaid:

Attorneys for Plaintiff:
Mack B. Binion, Esquire
Sarah B. Dorger, Esquire
Briskman & Binion
Post Office Box 43
Mobile, AL  36601

                s/Edward B. McDonough, Jr.
                EDWARD B. McDONOUGH, JR.