

EXHIBIT A

ELECTRONICALLY FILED
12/30/2015 1:17 PM
02-CV-2015-903056.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| EK DANTAYA, LLC, an<br>Alabama Limited Liability Company, | * | |
| | * | |
| Plaintiff, | | |
| | * | |
| vs. | | CASE NO. 02-CV-2015-_____ |
| | * | |
| CIRCLE K STORES, INC.,<br>a corporation, and A, B, C, and D<br>are persons, firms or entities<br>whose identities are presently<br>unknown to Plaintiff and who breached<br>contracts with Plaintiff who<br>negligently, intentionally and/or<br>wantonly were guilty of acts and/or<br>omissions which caused or<br>contributed to Plaintiffs'<br>damages as alleged herein, who,<br>when identified, will be added by<br>amendment, | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* | |
| Defendants. | | |

## COMPLAINT

COME NOW EK Dantaya, LLC and files this Complaint against Circle K Stores, Inc. and the fictitious parties described herein.

### Parties

1.  EK Dantaya, LLC is an Alabama limited liability company with its principle place of business in Mobile County, Alabama.

2.  Circle K Stores, Inc., (sometimes herein "Defendant") is a corporation

which at times material was and is doing business in Mobile County, Alabama, and is a successor of The Southland Corporation (sometimes herein "Southland").

3. A, B, C and D, are persons, firms or entities who are presently unknown to Plaintiff whose breaches of contract and negligent, intentional and wanton misconduct caused or contributed to Plaintiff's damages, who will be added as Defendants when they are identified.

4. Circle K Stores, Inc. and A, B, C and D are collectively referred to herein as "Defendants."

### Facts

5. On to-wit: May 1, 1979, Southland, entered a Lease (herein "Lease") with members of the Meaher Family and later the Estate of Augustine Meaher, Jr., Deceased, (herein the "Meahers" or "Lessors"), whereby Defendants leased improved real property located at or near the intersection of Telegraph Road and Woodlands Avenue in Prichard, Alabama, for the purpose of operating a gas station, convenience store and food mart; the street address being 928 Telegraph Road, Prichard, Alabama.

6. The Lease provided for an initial term of fifteen (15) years commencing May 1, 1979, with three (3) renewal options of five (5) years each; the final renewal option being for a five (5) year term ending on April 30, 2009.

7. In to-wit: November-December, 2003, Defendants, as Successors in

Interest to Southland, entered a "First Lease Amendment and Extension Agreement" (herein "Amended Lease") with the Lessors.

8. The Amended Lease provided Defendants three (3) renewal options of five (5) years each; the final renewal option being for five (5) year term ending on April 30, 2024.

9. On to-wit: August 22, 2008, Defendants exercised the first of the five (5) year renewal option(s) as provided in the Amended Lease pursuant to a written "Notice of Exercise of Renewal Option" which Defendants provided Lessors.

10. On to-wit: November 1, 2010, pursuant to the terms of an "Assignment and Assumption of Lease Agreement" (herein "Lease Assignment") Defendants assigned to Plaintiff their rights, title and interests in and to the Amended Lease and the subject real property and improvements which included the underground storage tanks, pumps and related equipment (herein "UST's") used in the sale of petroleum products and options to extend and/or renew the Amended Lease through April, 2024.

11. In executing the Lease Assignment, Defendants had actual knowledge that Plaintiff intended to (and subsequently did) operate a gas station, convenience store and food mart on the leased premises as Defendants had done prior to the execution of the Lease Assignment.

12. Lessors did not object to Defendants' Lease Assignment to Plaintiff, but

required Defendants to remain the primary and direct obligor on the Amended Lease in all respects which included Defendants remitting monthly lease payments to Lessors, and that Defendants timely notify Lessors of the exercise of options to renew and/or extend the Amended Lease.

13. In addition to Defendants' direct remittance(s) of rent to Lessors, Defendants acknowledged and admitted that the exercise options to renew or extend the Amended Lease required Defendants to timely notify the Lessors of any such exercise.

14. On January 20, 2011, without notifying Plaintiff, Defendants sent Lessors a "Notice of Termination" which provided that Defendants were terminating the Lease effective April 30, 2011.

15. Plaintiff notified Defendants that Defendants had breached the Lease Assignment by forwarding the "Notice of Termination" notifying Lessors that they were terminating the Lease effective April 30, 2011.

16. On April 26, 2011, Defendants, acknowledged their obligations to Plaintiff under the Lease Assignment and advised Lessors that their January 20, 2011 "Notice of Termination" had been "sent in error."

17. In the April 26, 2011 "Notice of Termination", Defendants admitted that: ". . . Because the Lease Assignment . . . was in full force and effect, [Defendants] did

not have the right to not exercise the options contained in the Lease."

18. On to-wit: January 23, 2014, Plaintiff notified Defendants that Plaintiff was exercising the five (5) year renewal option for the option period commencing May 1, 2014 through April 30, 2019 and that Defendants notify Lessors of the exercise of said option.

19. On to-wit: January 23, 2014, Defendants breached the Lease Assignment and negligently, wantonly and/or intentionally transmitted to the Lessors a "Notice To Not Exercise Future Option" which stated that: (a) Defendants were not exercising the renewal option; (b) Defendants were terminating the Amended Lease effective April 30, 2014; and (c) Defendants were relieved of all duties and obligations under the Amended Lease.

20. On March 14, 2014, in response to Plaintiff's demand that the "Notice To Not Exercise Future Option" be retraced and rescinded, Defendants notified Lessors that their January 23, 2014, "Notice" was "in error", but Defendants falsely, and in contradiction of their letter of April 26, 2011, stated that Defendants were "...unaware of the tenant [Plaintiff] having all rights, title and interest in the Amended Lease pursuant to the Lease Assignment."

21. As a result of Defendants' actions as aforesaid, Lessors, as was their right under the Amended Lease, demanded that Defendants remove all UST's and all

equipment related to the fuel/gas dispensing system from the premises.

22. Had Defendants provided Lessors timely notice of Plaintiff's January 23, 2014 exercise of the renewal option, Lessors would not have had the power, authority or right to require the removal of the UST's and fuel/gas dispensing system.

23. As a further result of Defendants' acts and omissions as aforesaid, the Amended Lease expired thereby depriving Plaintiff of its full use of the property pursuant to the Lease Assignment, including Plaintiff's right to renew the Lease Assignment through April 30, 2024.

24. In an effort to mitigate its damages, Plaintiff negotiated a lease directly with the Lessors and a successor entity owned by Lessors, but the new lease was not on as favorable terms as the Amended Lease and the Lease Assignment; including Lessors refusal to allow Plaintiff to install UST's and fuel/gas dispensing systems on the property for the sale of petroleum products.

25. As a direct and proximate result of Defendants' breaches of contract and their negligent, intentional and wanton misconduct as aforesaid, Plaintiff has sustained and will continue to sustain damages which include: (a) lost revenues/profits; (b) leasing the premises on less favorable terms than the Amended Lease and Lease Assignment; and (c) being deprived of the right to lease and operate their business through the end of the last renewal option as provided.

## COUNT ONE
## (CONTRACT)

26. Plaintiff adopts and realleges Paragraphs 1-25.

27. Defendants breached the Lease Assignment with Plaintiff.

28. As a proximate result of Defendants' breaches as aforesaid, Plaintiff sustained the damages alleged.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages for sums in excess of the minimum jurisdictional limits of this Court and costs.

## COUNT TWO
## (NEGLIGENCE)

29. Plaintiff adopts and realleges Paragraphs 1-28.

30. Defendants' acts and misconduct as aforesaid were negligent.

31. As a proximate result of Defendants' negligence as aforesaid Plaintiff sustained the damages alleged.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages for sums in excess of the minimum jurisdictional limits of this Court and costs.

## COUNT THREE
## (WANTONNESS/INTENTIONAL MISCONDUCT)

32. Plaintiff adopts and realleges Paragraphs 1-31.

33. Defendants' acts and misconduct as aforesaid were intentional, reckless and wanton.

34. As a proximate result of Defendants' intentional, reckless and wanton misconduct as aforesaid, Plaintiff has sustained the damages alleged.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages for sums in excess of the minimum jurisdictional limits of this Court and costs.

### JURY DEMAND

**Plaintiff demands Trial By Jury.**


/s/ Mack B. Binion
MACK B. BINION (BIN003)


/s/ Sarah B. Dorger
SARAH B. DORGER (DOR023)

Attorneys for Plaintiff

OF COUNSEL:

BRISKMAN & BINION, P.C.
Post Office Box 43
Mobile, Alabama 36601
t.251.433.7600

f.251.433.4485
mbinion@briskman-binion.com
sdorger@briskman-binion.com

Defendant may be served via CERTIFIED MAIL, RETURN RECEIPT REQUESTED as follows:

Circle K Stores, Inc.
Registered Agent:
    CSC Lawyers Incorporating Service
    150 South Perry Street
    Montgomery, Alabama 36104