IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EK DANTAYA, LLC an Alabama Limited Liability Company, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 16-50 |
| CIRCLE K. STORES, INC. | § § § | |
| Defendants. | § | |

## DEFENDANT, CIRCLE K STORES, INC'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

DEFENDANT, Circle K Stores, Inc. ("Circle K"), files the following Amended Answer to Plaintiffs' Complaint:

1. Answering paragraph 1 of Plaintiffs' Complaint, upon information and belief, these allegations are admitted.

2. Answering paragraph 2 of Plaintiffs' Complaint, Circle K admits that Rajenda Patel is an individual and resident of the State of Alabama. Circle K lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2.

3. Answering paragraph 3 of Plaintiffs' Complaint, no response is necessary.

4. Answering paragraph 4, Circle K, admits the allegations contained therein.

5. Answering paragraph 5, Circle K denies that the Estate of Augustine Meaher, Jr. was a party to the May 1, 1979 Lease. Circle K denies that the real property referenced in paragraph 5 was leased for "the purpose of operating a gas station, convenience store and food mart" in as much as the lease precisely states that it was to be used for the "retail

1

sale of merchandise customarily sold at grocery stores commonly called supermarkets" and included the sale of "gasoline and petroleum products." The remaining allegations contained in paragraph 5 are admitted.

6. Answering paragraph 6, the allegations contained therein are admitted.

7. Answering paragraph 7, the allegations contained therein are admitted.

8. Answering paragraph 8, Circle K admits the allegations contained therein.

9. Answering paragraph 9, Circle K admits it exercised the first of the five-year options under the Amended Lease. Circle K lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained therein.

10. Answering paragraph 10, Circle K admits that on November 1, 2010, pursuant to an "Assignment and Assumption of Lease Agreement," Circle K "assigned and conveyed" to Plaintiffs "all of its right, title and interest in and to" the Lease Agreement dated April 2, 1979 as amended December 19, 2003 and attached to the Assignment and Assumption of Lease Agreement as Exhibit A. Circle K further admits that it included the right to extend the term of the Amended Lease through April 2024. Circle K denies that it assigned Plaintiffs any rights or interests in the real property, improvements or the underground storage tanks, pumps and related equipment. To the extent necessary, Circle K denies the remaining allegations contained in paragraph 10.

11. Answering paragraph 11, Circle K admits that by assigning Plaintiffs its rights under the Lease Agreement and Amended Lease, Plaintiffs were permitted to sell merchandise commonly sold in grocery stores and gasoline and petroleum products and that Plaintiff did sell some of those types of products. Circle K lacks knowledge and information

sufficient to form a belief as to Plaintiff's intentions regarding use of the property in question. The remaining allegations contained in paragraph 11 are denied.

12. Answering paragraph 12, Circle K admits that Lessors did not object to the Lease Assignment to Plaintiffs and that Circle K had the right to make such assignment without the permission of the Lessors. Circle K admits that the assignment was "subject to all of the terms and conditions" of the April 1979 Lease and that Circle K remained "primarily liable for the payment of rent and the performance of the terms and conditions" of the 1979 Lease. Circle K denies that it remained obligated "in all respects" and/or that it had an obligation to timely notify Lessors of the exercise of options to renew and/or extend the April 1979 Lease Agreement and Amended Lease. Further, Circle K denies that it was responsible for performing the terms of the 1979 Lease Agreement and Amended Lease other than passing on rent payments from Plaintiffs and/or that Plaintiffs had no obligation to perform the terms of the 1979 Lease and the Amended Lease. To the extent necessary, Circle K denies the remaining allegations of paragraph 12.

13. Answering paragraph 13, Circle K admits that it received rent from Plaintiffs and passed it on to Lessors. Circle K denies that it acknowledged and admitted that to exercise the options to renew or extend the Amended Lease required Circle K to timely notify Lessors of any such exercise. The remaining allegations contained in paragraph 13 are denied.

14. Answering paragraph 14, Circle K admits that by accident, it issued a letter dated January 20, 2011 referencing "Non-Exercise of Future Options" stating that it would not exercise any options under the April 1979 "Primary Lease" and that in doing so, such lease would terminate on April 30, 2011. Circle K lacks knowledge and information sufficient to

3

form a belief as to whether anyone with Circle K alerted Plaintiffs to the January 20, 2011 letter. The remaining allegations contained in paragraph 14 are denied.

15. Answering paragraph 15, Circle K admits that it received letters dated March 2, 2011 and March 4 2011, which appear to be identical. The letters were from "Raj Patel's" attorney William Lyon and complained of Circle K's January 20, 2011 letter referenced in paragraph 14 and demanded that Circle K confirm that the Lease and Amended Lease were still in effect. While stating that the January 20, 2011 letter was "contrary to the intent" of the "asset purchase and assignment" and constituted "improper action" and that Patel had been "damaged," it did not state that Circle K "breached the Lease Assignment." Circle K lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 15.

16. Answering paragraph 16, Circle K admits it sent a letter dated April 26, 2011 to Lessors advising that due to the Lease Assignment and Assumption of November 1, 2010 that Circle K had no right not to exercise the options and that the 2011 option was exercised. Circle K denies that it "acknowledged [its] obligations to Plaintiffs under the Lease Assignment and Assumption" to exercise such option. To the extent necessary, the remaining allegations of paragraph 16 are denied.

17. Answering paragraph 17, Circle K denies that the April 26, 2011 letter was a "Notice of Termination." Circle K admits the remaining allegations contained in paragraph 17.

18. Answering paragraph 18, Circle K admits that Plaintiffs' counsel James Brooks sent a letter dated January 23, 2014 stating that Plaintiffs were giving "written notice that they [were] invoking the extension of the lease clause to cover the period of May 1, 2014 to April 30, 2019." Circle K denies that Plaintiffs requested that Circle K notify Lessors of

the exercise of the option. The remaining allegations contained in paragraph 18 are denied.

19. Answering paragraph 19, Circle K admits it mistakenly sent Lessors a letter dated January 23, 2014 referencing "Notice To Not Exercise Future Option" regarding the May 2014 option under the Amended Lease. Circle K denies the remaining allegations contained in paragraph 19.

20. Answering paragraph 20, Circle K admits it sent Lessors a letter dated March 14, 2014 withdrawing the January 23, 2014 "Notice To Not Exercise Future Option." Circle K denies the remaining allegations contained in paragraph 20.

21. Answering paragraph 21, Circle K admits that Lessors demanded that Circle K remove its underground storage tanks and related equipment and improvements and that Circle K removed them. Circle K denies the remaining allegations contained in paragraph 21.

22. Answering paragraph 22, Circle K lacks knowledge and information sufficient to form a belief about the truth of the allegations contained therein. Answering Defendant shows further that this paragraph includes conclusions of law to which it is not required to respond.

23. Answering paragraph 23, denies the allegations contained therein.

24. Answering paragraph 24, Circle K admits that Plaintiff entered into a new lease agreement with Lessors and that the rates are higher than those under the April 1979 Lease. Circle K lacks knowledge and information sufficient to form a belief about the truth of the allegations pertaining to the remaining terms of and negotiations related to the new lease. Circle K denies the remaining allegations contained in paragraph 24.

25. Answering paragraph 25, Circle K denies the allegations contained therein.

26. Answering paragraph 26, Circle K re-alleges its answers to paragraphs 1 – 25 of Plaintiffs' Complaint.

27. Answering paragraph 27, Circle K denies the allegations contained therein.

28. Answering paragraph 28, Circle K denies the allegations contained therein.

29. Answering paragraph 29, Circle K re-alleges its answers to paragraphs 1 – 28 of Plaintiffs' Complaint.

30. Answering paragraph 30, Circle K denies the allegations contained therein.

31. Answering paragraph 31, Circle K denies the allegations contained therein.

32. Answering paragraph 32, Circle K re-alleges its answers to paragraphs 1 – 31 of Plaintiffs' Complaint.

33. Answering paragraph 33, Circle K denies the allegations contained therein.

34. Answering paragraph 34, Circle K denies the allegations contained therein.

## GENERAL DENIAL

Circle K denies each averment or allegation in Plaintiffs' Amended Complaint that is not specifically admitted or otherwise controverted. Circle K further denies any averments contained in any parts of the Amended Complaint that are not specifically numbered. Circle K shows further that the Amended Complaint contains numerous legal conclusions and statements of law that require no response in this Answer. However, Circle K in no way concedes the validity of any such legal conclusions and statements of law, and expressly reserves the right to contest each and every legal conclusion and statement of law contained therein at the appropriate time.

## COUNTERCLAIM

Comes now Defendant and Counter-Claimant, Circle K, and alleges for its Counterclaim against Plaintiffs and Counter-Defendants, EK Dantaya and Rajendra Patel, as follows:

1.Circle K adopts its admissions and other responses to the individual paragraphs of the Plaintiffs' Amended Complaint set forth hereinabove in paragraphs 1 through 34 by reference as if fully set forth herein

2.Based on the provisions of the 1979 Lease, the Amended Lease as well as the provisions of the "Assignment and Assumption of Lease Agreement" entered into with EK Dantaya on November 1, 2010, Circle K hereby claims its reasonable attorneys' fees and costs from Counter-Defendants, EK Dantaya and Rajendra Patel.

WHEREFORE, Circle K demands judgment against EK Dantaya and Rajendra Patel in an amount to be determined by the Court for payment of its reasonable attorneys' fees and costs.

## **AFFIRMATIVE DEFENSES**

Defendant, Circle K, alleges the following affirmative defenses:

1.The Plaintiffs and/or their representative(s) are guilty of contributory negligence which proximately caused or contributed to the alleged damages and Plaintiffs therefore cannot recover.

2.The Plaintiffs assumed the risks associated with the assignment and assumption of the Lease and Amended Lease and are not entitled to recover from this Defendant.

3.Plaintiffs' damages, if any, were caused by their failure and/or the failure of their representatives to perform the contractual terms of the April 1979 Lease and the Amended Lease referenced above.

4.The Plaintiffs have or may have failed to join certain indispensable parties necessary for full adjudication of this cause.

5. Plaintiffs and/or their representatives failed to mitigate or to otherwise act to lessen or reduce the damages alleged in the Complaint.

6. Plaintiffs damages, if any, proximately resulted from the acts or omissions of other persons which were the independent, sole, intervening and superseding proximate cause of the alleged damages.

7. This Defendant is entitled to full credit for any amounts received by the Plaintiffs or to be received by the Plaintiffs from any other source from which the Plaintiffs may have a recovery arising out of any of the claims made against the Defendant in the instant action.

8. This Defendant denies that the Plaintiffs have a valid claim for any tortious act or omission on its part that will serve as the basis for assessment of punitive damages.

9. Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

   A. It is a violation of the Due Process and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases;

   B. Procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution;

   C. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against each defendant and/or the defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

   D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

    E.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thereby violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

    F.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

    G.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution;

    H.    It is a violation of the self-incrimination clause of the Fifth Amendment of the Constitution of the United States to compel the disclosure of potentially incriminating documents for introduction into evidence while simultaneously imposing punitive damages, which are penal in nature;

    I.    The procedures pursuant to which punitive damages are awarded violate the proportionality principles contained in the Eighth Amendment;

    J.    The procedures pursuant to which punitive damages are awarded permit the deprivation of property without due process of law as required by the Fourteenth Amendment to the United States Constitution.

10.    Plaintiffs claims for punitive damages, if awarded, would violate the following provisions of the United States Constitution:

    A.    Article 1, Section 8 to the extent that such an award punishes acts or omissions which have allegedly occurred solely outside of state boundaries;

    B.    Article 1, Section 8 as an impermissible burden on interstate commerce; and

    C.    The Contracts clause of Article 1, Section 10.

11.    Plaintiffs' claims for punitive damages violate Article I, Sections 1, 2, 6, 9, 11, 13, 15, 22, 27, and 35 of the Constitution of Alabama of 1901, and are improper under the

common law and public policy of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

A. It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon civil defendants upon Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against each defendant and/or against the defendants;

C. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E. The award of punitive damages in this case would constitute a deprivation of property without due process of law;

F. The current standards provided by Alabama law for the imposition of punitive damages have failed to provide notice to this Defendant, and have given this Defendant no opportunity to anticipate punitive liability and to modify or conform its conduct accordingly;

G. The procedures pursuant to which punitive damages are awarded fail to provide sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded.

H. The procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

I. The procedures pursuant to which punitive damages are awarded permit the compensation of the Plaintiff for elements of damage not otherwise recognized by Alabama law; and

J. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines.

12. With respect to Plaintiffs' demand for punitive damages, this Defendant incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards, set forth in the United States Supreme Court's decision in <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996), <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408 (2003), and <u>Phillip Morris U.S.A. v. Williams</u>, 127 S. Ct. 1057 (2007).

13. This Defendant reserves the right to amend and/or supplement its affirmative defenses as discovery progresses in this matter.

<u>/s/Edward B. McDonough, Jr. (MCDOE0149)</u>
EDWARD B. MCDONOUGH, JR.
Attorney for Defendant,
Circle K Stores, Inc.

OF COUNSEL:

EDWARD B. McDONOUGH, JR., P.C.
Post Office Box 1943
Mobile, AL 36633
Telephone:       251-432-3296
Facsimile:        251-432-3300
Email:    ebm@emcdonoughlaw.com

<u>/s/ Kenneth C. Baker</u>
KENNETH C. BAKER
Attorney for Defendant,
Circle K Stores, Inc.

OF COUNSEL:

BAKER & PATTERSON, LLP
601 Sawyer Street, Suite 110
Houston, TX  77007
Telephone:  (713) 623-8116
Facsimile:  (713) 623-0290
Email:  kbaker@bakpatlaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 18th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                /s/ Edward B. McDonough, Jr.
                                EDWARD B. McDONOUGH, JR.